FILED

13 JAN -3 AM 9: 37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL AHBAKI DAVIS,<br><br>                    Petitioner,<br><br>       v.<br><br>BITER, Warden,<br><br>                    Respondent. | Civil No.   12cv3001-BEN (BLM)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has also filed a request to proceed in forma pauperis which reflects a $5.00 balance in his prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a).

It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice; Petitioner may submit a copy of this order along with the requisite fee no later than **March 4, 2013**, to have the case reopened.

The Petition is also subject to dismissal because Petitioner has failed to allege complete exhaustion of state court remedies. Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California

-1-

12cv3001

1 Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her

2 federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to

3 properly exhaust state court remedies a petitioner must allege, in state court, how one or more

4 of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513

5 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged

6 violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners

7 are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For

8 example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial

9 denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she]

10 must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

11       Although Petitioner indicates that he has presented claims one and two to the state

12 supreme court, he indicates that he has not raised claims three and four in the California

13 Supreme Court. (See Pet. at 2, 6-9.) The burden of proving that a claim has been exhausted lies

14 with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

15       Generally, applications for writs of habeas corpus that contain unexhausted claims must

16 be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982). However, federal courts have the

17 discretion to deny a habeas application on the merits notwithstanding a petitioner's failure to

18 fully exhaust state judicial remedies. See 28 U.S.C.A. § 2254(b)(2) (West 2006); Liegakos v.

19 Cooke, 106 F.3d 1381, 1388 (7th Cir. 1997). If Petitioner reopens this action by satisfying the

20 filing fee, the Petition will be subject to dismissal for failure to allege complete exhaustion of

21 state judicial remedies as to all claims presented. In order to avoid such a dismissal, Petitioner

22 should consider the following options.

23       **i) First Option:  Demonstrate Exhaustion**

24       Petitioner may file a First Amended Petition in which he alleges complete exhaustion of

25 all claims presented.

26       **ii) Second Option:  Voluntarily Dismiss this Action**

27       Petitioner may move to voluntarily dismiss his entire federal petition and return to state

28 court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition

1 containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that

2 a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to

3 exhaust his claims").

4     Petitioner is cautioned that any new federal petition must be filed before expiration of the

5 one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction

6 became final to file his federal petition, unless he can show that statutory or equitable "tolling"

7 applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1]  The statute of

8 limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C.

9 § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  But see Artuz v.

10 Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery

11 and acceptance [by the appropriate court officer for placement into the record] are in compliance

12 with the applicable laws and rules governing filings."); see also Bonner v. Carey, 425 F.3d 1145,

13 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is

14 ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under

15 consideration by the state court, and therefore does not toll the statute of limitations), as

16 amended 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations

17 continues to run while a federal habeas petition is pending.  Duncan, 533 U.S. at 181-82.

18 / / /

19

[1] 28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

### iii) Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). Petitioner may accomplish this goal by filing a First Amended Petition which contains only exhausted claims and which omits any unexhausted claims.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[2]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. King v. Ryan, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claims must be either timely under the statute of limitations or "relate back" to the claims in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claims. King, 564 F.3d at 1141 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)).

## CONCLUSION AND ORDER

Petitioner's Motion to proceed in forma pauperis is **DENIED** and this case is **DISMISSED** without prejudice for failing to satisfy the filing fee requirement. If Petitioner wishes to proceed with this action he must either pay the filing fee or submit adequate proof of his inability to pay the filing fee on or before **March 4, 2013**. If Petitioner succeeds in having this case reopened, he must notify the Court of his intention to proceed under one of the options outlined above, otherwise the Petition will be dismissed without prejudice.[3] See Rose, 455 U.S. at 522. Petitioner will then be required, if he still wishes to proceed with his claims, to file a new habeas petition which will be provided a new civil case number. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form and a blank Southern District of California in forma pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: 01/03/2013

Roger T. Benitez
United States District Judge

CC:      ALL PARTIES

---

[3] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote 2 of this Order.

12cv3001