1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAMAL A. DAVIS,                          )   Case No. 12cv3001-BEN (BLM)
                                              )
12                    Petitioner,             )   **REPORT AND RECOMMENDATION**
                                              )   **FOR ORDER (1) DENYING**
13   v.                                       )   **RESPONDENT'S MOTION TO**
                                              )   **DISMISS ON BASIS THAT FAP IS**
14   MARTIN BITER, Warden, Kern Valley State  )   **UNTIMELY AND (2) FINDING**
     Prison,                                  )   **MIXED PETITION AND ISSUING**
15                                            )   **SECOND OPTIONS ORDER IN LIEU**
                      Respondent.             )   **OF DISMISSAL**
16                                            )
                                              )   [ECF No. 16]
17   _____)

18          This Report and Recommendation is submitted to United States District Judge Roger

19   T. Benitez pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the

20   United States District Court for the Southern District of California.  On March 26, 2012,

21   Petitioner Jamal Davis, a state prisoner proceeding pro se, filed a First Amended Petition for

22   Writ of Habeas Corpus.  ECF No. 1 ("FAP").  Petitioner challenges his state court conviction

23   of conspiracy to commit murder.  Id.  Currently before the Court is Respondent's Motion to

24   Dismiss the FAP for being untimely.  ECF No. 16 ("MTD").  Petitioner did not file any

25   opposition to the instant motion.  The Court has considered the Petition, Respondent's

26   Motion to Dismiss, and all of the supporting documents submitted by the parties.  For the

27   reasons set forth below, the Court finds that the FAP is timely and **RECOMMENDS** that

28   Respondent's motion to dismiss be **DENIED**.  However, a sua sponte review of the FAP

1  reveals that it contains both exhausted and unexhausted claims and therefore finds that

2  dismissal of the FAP is appropriate but **RECOMMENDS** that, prior to dismissal, Petitioner

3  again be advised about the options available to him with regards to a mixed petition and

4  that he be given one last opportunity to select one of those options.

5  ### FACTUAL AND PROCEDURAL BACKGROUND

6  On December 11, 2009, Petitioner was convicted of one count of conspiracy to

7  commit second degree murder in violation of California Penal Code section 182(a)(1).  ECF

8  No. 17-3 at 444.  The jury also found true a special allegation that Petitioner committed the

9  crime for the benefit of a criminal street gang in violation of California Penal Code section

10  186.22(b)(1).  Petitioner subsequently was sentenced to 25 years to life in state prison.  Id.

11  On August 27, 2010, Petitioner appealed his conviction to the California Court of

12  Appeal.  ECF No. 17-7, Lodgment 3.  On June 29, 2011, the California Court of Appeal

13  affirmed the judgment in a written opinion.  ECF No. 17-10, Lodgment 6.  Petitioner

14  subsequently filed a petition for review in the California Supreme Court, which the Court

15  denied on August 31, 2011.  Lodgments 7 & 8.  Petitioner did not file any state habeas

16  petitions seeking collateral relief.  FAP at 8.

17  On November 14, 2012, Petitioner filed his initial federal petition.[1]  ECF No. 1 at 12.

18  On January 3, 2013, District Judge Roger T. Benitez dismissed the petition without prejudice

19  for Petitioner's failure to pay the requisite filing fee and for Petitioner's failure to allege

20  complete exhaustion of his state court remedies.  ECF No. 3.  On March 20, 2013, Petitioner

21  filed his FAP, asserting the same four claims set forth in his initial petition.  ECF No. 8.

22  Respondent filed the instant MTD on June 25, 2013, arguing that the FAP should be

23  dismissed as untimely.  ECF No. 17-16.  Petitioner did not file an opposition.

24  _____

25  [1] In determining the filing date of a petition, pro se prisoners generally are entitled to the benefit of the "mailbox rule," which dictates that the statutory filing date is the date a document was presented to prison

26  authorities for mailing to the court.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).  Here, the record does not reflect the date on which Petitioner presented his petition to prison authorities.  Because the presentation date is unavailable, and to provide Petitioner the

27  greatest benefit of the doubt, this Court will use the date the document was signed as the filing date.  See Lopez v. Felker, 536 F. Supp. 2d 1154, 1155 n.1 (C.D. Cal. 2008) (filing date is date on which petition was

28  signed).

1

**SCOPE OF REVIEW**

2      Title 28, United States Code, § 2254(a), sets forth the following scope of review for

3   federal habeas corpus claims:

4          The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
           entertain an application for a writ of habeas corpus in behalf of a person in
5          custody pursuant to the judgment of a State court only on the ground that he
           is in custody in violation of the Constitution or laws or treaties of the United
6          States.

7   28 U.S.C. § 2254(a) (West 2012).

8

**DISCUSSION**

9      Respondent moves to dismiss the FAP on the grounds that it is barred by AEDPA's

10  one-year statute of limitations.  Specifically, Respondent argues that Petitioner had one year

11  from November 29, 2011 to file for federal habeas relief, and since Petitioner did not file his

12  FAP until March 4, 2012, the FAP should be dismissed as untimely.  MTD at 7.  Respondent

13  further argues that Petitioner is not entitled to statutory tolling since he did not file any state

14  habeas petitions.  Id. at 8.  In addition, Respondent contends Petitioner is not entitled to

15  equitable tolling because he fails to show that some extraordinary circumstance beyond his

16  control prevented him from timely filing a federal petition.  Id. at 8-10.

17  **A.      Petitioner's FAP is Timely**

18     The AEDPA imposes a one-year statute of limitations on federal petitions for writ of

19  habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d) (West Supp. 2012).  Section

20  2244(d)'s one-year limitations period applies to all habeas petitions filed by persons in

21  "custody pursuant to the judgment of a State court."  Id. § 2244(d)(1).  The one-year

22  limitations period runs from the latest of:

23          (A)  the date on which the judgment became final by the conclusion of
           direct review or the expiration of the time for seeking such review;
24
            (B)  the date on which the impediment to filing an application created
25         by State action in violation of the Constitution or laws of the United States is
           removed, if the applicant was prevented from filing by such State action;
26
            (C)  the date on which the constitutional right asserted was initially
27         recognized by the Supreme Court, if the right has been newly recognized by
           the Supreme Court and made retroactively applicable to cases on collateral
28         review; or

1                      (D)  the date on which the factual predicate of the claim or claims
     presented could have been discovered through the exercise of due diligence.

2

3    Id. § 2244(d)(1)(A)-(D).

4          Here, the statute of limitations began to run on "the date on which the judgment

5    became final by the conclusion of direct review or the expiration of the time for seeking

6    such review."  Id. § 2244(d)(1)(A).  Added to this is ninety days in which to file a petition

7    for writ of certiorari.  Wixon v. Washington, 264 F.3d 894, 897-98 (9th Cir. 2001).  Thus,

8    the latest possible date the statute of limitations began to run was November 30, 2011.

9    Absent  tolling, the AEDPA limitations period expired one year later on November 29, 2012.

10   § 2244(d).  Because Petitioner represented himself and was in prison when filing, the prison

11   mailbox rule dictates that the date he released his petition to prison authorities be used as

12   the filing date.  Houston, 487 U.S. at 271.  Here, the only evidence indicating when the

13   petition was released to prison authorities is the date the petition was signed by Petitioner.

14   Lopez, 536 F. Supp. 2d at 1155 n.1 (filing date is date on which petition was signed).  The

15   date on the initial petition is November 14, 2012, which is within the one-year statute of

16   limitations.  ECF No. 1 at 12.  Moreover, Petitioner's FAP relates back to the filing of his

17   initial petition because he asserts the same four claims in both petitions.  See Mayle v. Felix,

18   545 U.S. 644, 649-50 (2005) (an amended habeas petition relates back to the initial petition

19   where it raises the same grounds for relief based on the same facts).  Accordingly, the Court

20   finds that the FAP is timely and **RECOMMENDS** that Respondent's Motion to Dismiss be

21   **DENIED**.

22   **B.    Mixed Petition**

23         Although Petitioner's FAP was timely filed, a sua sponte review of the FAP indicates

24   that Petitioner fails to allege complete exhaustion of his state judicial remedies.  Generally,

25   the exhaustion of available state judicial remedies is a prerequisite to a federal court's

26   consideration of claims presented in habeas corpus proceedings.  28 U.S.C. § 2254(b);

27   Picard v. Connor, 404 U.S. 270, 275 (1971).  Exhaustion of a habeas petitioner's federal

28   claims requires that they have been "fairly presented" in each appropriate state court,

1   including a state supreme court with powers of discretionary review, and that the petitioner

2   "alert[] [the state] court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27,

3   29 (2004).  If state remedies have not been exhausted as to any of the federal claims, the

4   habeas petition typically should be dismissed. Castille v. Peoples, 489 U.S. 346, 349 (1989);

5   Rose v. Lundy, 455 U.S. 509, 522 (1982) (requiring dismissal of petitions that contain both

6   exhausted and unexhausted claims, commonly referred to as "mixed" petitions); see also

7   Rhines v. Weber, 544 U.S. 269, 276-77 (2005) (confirming continued applicability of "total

8   exhaustion rule" even after AEDPA imposed one-year statute of limitations on habeas

9   claims).  However, a petitioner has the option of formally abandoning his unexhausted

10  claims and proceeding with the exhausted claims. See Rose, 455 U.S. at 510, 520-21

11  (stating that a petitioner who files a mixed petition may "resubmit[]the habeas petition to

12  present only exhausted claims to the district court").  Once a petitioner abandons his

13  unexhausted claims, though, he may lose the ability to ever raise them in federal court. See

14  Slack v. McDaniel, 529 U.S. 473, 486-87 (2000) (noting that if a prisoner decides not to

15  return to state court to exhaust and instead to proceed with his exhausted claims, any

16  subsequent petitions may be considered successive and subject to dismissal); see also 28

17  U.S.C. § 2244 (a)-(b).

18      Petitioner's initial federal petition contained four claims, only two of which were

19  exhausted. ECF No. 1.  Consequently, as noted above, District Judge Benitez dismissed

20  without prejudice the original petition and warned that "[i]f Petitioner reopens this action

21  by satisfying the filing fee, the Petition will be subject to dismissal for failure to allege

22  complete exhaustion of state judicial remedies as to all claims presented." ECF No. 3 at 2.

23  Furthermore, the Court provided Petitioner with the four options available to him for

24  proceeding with the FAP and instructed him to notify the Court of his choice.[2] Id.

25      Despite District Judge Benitez' warning, Petitioner filed a FAP that appears to be

26

27      [2] District Judge Benitez instructed Petitioner to choose one of the following four options:
    (1) demonstrate exhaustion; (2) voluntarily dismiss the action; (3) formally abandon unexhausted claims; or
28  (4) file a motion to stay the federal proceedings.  ECF No. 3 at 2-5.

1   identical to his initial petition, containing both exhausted and unexhausted claims, and failed

2   to advise the Court as to which option Petitioner wished to pursue.  Petitioner asserts four

3   grounds for relief in his FAP: (1) the trial court's sentence constitutes cruel and unusual

4   punishment under the Eighth Amendment; (2) the trial court violated Petitioner's

5   constitutional rights by failing to instruct the jury on lesser charges; (3) there was

6   insufficient evidence to support the verdict; and (4) "prejudicial trial discrepancies."  FAP

7   at 6-9.  Petitioner's FAP indicates that claims three and four are unexhausted because

8   Petitioner did not present them to the California Supreme Court.  Id. at 8-9.  Because the

9   FAP contains both exhausted and unexhausted claims, the petition is subject to dismissal

10   as a mixed petition.  See Rose, 455 U.S. at 522 ("a district court must dismiss habeas

11   petitions containing both exhausted and unexhausted claims").   However, in lieu of

12   immediate dismissal, the Court **RECOMMENDS** that Petitioner be sent another options

13   order specifying Petitioner's options with regard to the mixed petition.  If Petitioner does not

14   elect one of the identified options, then the Court **RECOMMENDS** that the FAP

15   **DISMISSED**.  Because this will be the second options order sent to Petitioner, if Petitioner

16   does not select one of the four options, this Court **RECOMMENDS** that the dismissal be

17   with prejudice.

## CONCLUSION

19       For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue

20   an Order: (1) approving and adopting this Report and Recommendation; (2) denying

21   Respondent's Motion to Dismiss; (3) finding the FAP contains exhausted and unexhausted

22   claims, and (4) issuing a Notice Regarding Possible Dismissal of FAP for Failure to Exhaust

23   State Court Remedies.

24       **IT IS ORDERED** that no later than **November 1, 2013** any party to this action

25   may file written objections with the Court and serve a copy on all parties.  The document

26   should be captioned "Objections to Report and Recommendation."

27       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the

28   Court and served on all parties no later than **November 22, 2013**.  The parties are

1    advised that failure to file objections within the specified time may waive the right to raise

2    those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455

3    (9th Cir. 1998).

4         **IT IS SO ORDERED.**

5    DATED:  October 2, 2013

6

7                                                    BARBARA L. MAJOR
                                                     United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12cv3001-BEN (BLM)