FILED

13 NOV 14 PM 3: 53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DC DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL A. DAVIS,<br><br>                  Petitioner,<br>vs.<br><br>MARTIN BITER, Warden, Kern Valley State Prison,<br><br>                  Respondent. | CASE NO. 12-cv-3001-BEN (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDERING PETITIONER TO SUBMIT A DECLARATION**<br><br>[Docket No. 18] |

      On March 20, 2013, Petitioner Jamal A. Davis (Petitioner)'s First Amended Petition for Habeas Corpus (FAP) was filed with this Court. (Docket No. 8). Before this Court is the Motion to Dismiss by Respondent Martin Biter, the warden at Kern Valley State Prison (Docket No. 16). This Court has received a thorough Report and Recommendation from U.S. Magistrate Judge Barbara Lynn Major, recommending that this Court (1) deny Respondent's Motion to Dismiss and (2) find a mixed petition and issue a second options order in lieu of dismissal. (Docket No. 18).

      Any objections were due on November 1, 2013, with any response due on November 22, 2013. The only document filed with this Court was the Petitioner's "Notice of Motion Opposition, Proof of Service Form and Habeas Corpus for Unexhausted Claims." (Docket No. 22).

## I. Motion to Proceed In Forma Pauperis

      As an initial matter, this Court has also received Petitioner's request to proceed

in forma pauperis. (Docket No. 10). Based on a review of Petitioner's prison trust account statement, the Court **GRANTS** Petitioner's application to proceed in forma pauperis.

## II. The Motion to Dismiss

Respondent raised no objection to the Magistrate Judge's recommendation that Respondent's Motion to Dismiss be denied. Petitioner did not mention the Motion in his recent filing. As no party has raised any objection to the Magistrate Judge's Recommendation that the Motion to Dismiss be denied, this Court hereby **ADOPTS** the Report and Recommendation as to the Motion to Dismiss. The Motion to Dismiss is therefore **DENIED**.

## III. Failure to Exhaust

### A. Petitioner Has Filed a Mixed Petition

The Magistrate Judge also conducted a *sua sponte* review of the FAP and concluded that Petitioner failed to allege complete exhaustion of his state judicial remedies. (R&R at 4). Exhaustion of state judicial remedies is generally a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings, and a habeas petitioner should typically be dismissed if state remedies have not been exhausted as to any of the federal claims. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

This Court dismissed an earlier Petition for a Writ of Habeas Corpus (Docket No. 1) for failure to pay the filing fee, and warned Petitioner that a new petition would be subject to dismissal for failure to allege complete exhaustion of state claims. (Docket No. 3). The Court informed Petitioner that he had to choose one of four options if he chose to proceed with his petition: 1) demonstrate exhaustion, 2) voluntarily dismiss the action, 3) formally abandon the unexhausted claims, or 4) file a motion to stay the federal proceedings. (*Id.* at 2-5).

Upon review of the FAP, the Magistrate Judge concluded that it is identical to his initial petition, and contains both exhausted and unexhausted claims. (R&R at 5-6).

The Magistrate Judge recommended to this Court that it issue an options order that specifies Petitioner's options with regard to the mixed petition, and dismiss the FAP with prejudice if Petitioner did not elect one of the options.

### B. Petitioner's "Opposition"

This Court has carefully reviewed Petitioner's recent filing. The document is entitled "Petitioner for Review: To Exhaust State Remedies, Unexhausted Claims" above the caption, and is labeled a "Notice of Motion Opposition, Proof of Service Form and Habeas Corpus for Unexhausted Claims" (Opposition). Although Petitioner uses the word "Opposition," it is apparent that Petitioner does not object to any aspect of the Magistrate Judge's Report and Recommendation. Instead, he clearly accepts her conclusions.[1]

Petitioner states in this filing that he "had a large misunderstanding of his choices" in proceeding with his case. (Opp'n at 1). He states that: "Choosing to exhaust, unexhausted claims in the previous mixed petition is the choice that will be seeked. [sic]" (*Id.*) He acknowledges that claims 3 and 4 are unexhausted. (*Id.*)

Petitioner then reiterates his basic claims, and states "Please examine the faults in the jury trial with an [sic] fair mind and evaluate the pressure and uncertainty that the petitioner experienced." (*Id.* at 2). He also "asks for understanding of a troubled youth who now live to make a difference and set out for better purpose and his record while incarcerated should reflect it. [sic]" (*Id.*)

Petitioner also attached a copy of a petition for habeas corpus. (State Petition, Docket No. 22, Attach. 1). It is addressed to the California Supreme Court and completed on a California state form for Petition for Writ of Habeas Corpus. (*Id.*) In it, he asserts the two grounds for relief which he has conceded to this Court were unexhausted. (*Id.*) The attached state petition reveals that he is "[j]ust exhausting unexhausted remedies from a previous mixed petition." (*Id.* at 5).

---

[1] As Petitioner accepts the Report and Recommendation, and raises no objections, this Court need not wait to proceed in order to allow Respondent to file a response.

After carefully considering all of these documents, this Court concludes that Petitioner does not contest the fact that he has a mixed petition containing unexhausted claims. The Magistrate Judge's finding of a mixed petition is therefore **ADOPTED**.

It is similarly apparent to this Court that Petitioner is now attempting to pursue his unexhausted claims in state court. However, it is unclear to this Court which option Petitioner has selected with regard to his federal petition. Some of Petitioner's statements in the "Opposition" indicate that he may believe this Court is currently considering his exhausted claims. This Court cannot proceed with Petitioner's FAP in any way until the Petitioner clearly indicates to this Court how he wishes to proceed with his petition. Each option available to Petitioner has consequences, and selection of a particular option may mean that Petitioner is giving up legal rights.

### C. Petitioner Must Decide How to Proceed With His Federal Petition

Petitioner is therefore **ORDERED** to clearly inform this Court which of the following options he seeks to pursue.

#### 1) Option One: Voluntary Dismissal of this Action

Petitioner may move to voluntarily dismiss his entire federal petition. He may then seek to return to state court to exhaust his claims, and then file a new federal petition that contains only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

Any new federal petition must be filed before the expiration of the one-year statute of limitations. A petitioner normally has one year from the date his conviction became final to file his federal petition, unless he can show that either statutory or equitable tolling applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an

application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *see also Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended by* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

### 2) Option Two: Abandon the Unexhausted Claims

Although it appears to this Court that Petitioner has already chosen to pursue his unexhausted claims, it will include this option out of caution. The Court seeks to ensure that Petitioner understands his choice and to present an alternative in case Petitioner did not understand the consequences of the other choices available.

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). Petitioner may accomplish this goal by filing a Second Amended Petition which contains only exhausted claims and which omits any unexhausted claims.

Petitioner is cautioned that if he chooses to abandon his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[2]

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

### 3) Option Three: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines*, 544 U.S. 277-78. The *Rhines* Court held that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277).

Under this procedure, he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78.

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claims after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009).

---

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1  Although under this procedure Petitioner is not required to demonstrate good
2  cause for his failure to timely exhaust, the newly exhausted claims must be either
3  timely under the statute of limitations or "relate back" to the claims in the
4  fully-exhausted petition, that is, they must share a "common core of operative facts"
5  with the previously exhausted claims. *Id.* at 1141 (quoting *Mayle v. Felix*, 545 U.S.
6  644, 659 (2005)). However, the Court in *Jackson* explicitly "left for another day the
7  question of whether the stay standard announced by the Supreme Court in *Rhines*
8  applies to our three-step stay-and-abeyance procedure." *Jackson*, 425 F.3d at 661.

9  Under either procedure, Petitioner must demonstrate (1) there are arguably
10 meritorious claims which he wishes to return to state court to exhaust and (2) that he
11 is diligently pursuing his state court remedies with respect to those claims. *Jackson*,
12 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000). If Petitioner
13 seeks to stay his federal petition, he must specifically address these concerns in his
14 brief in support of his Motion to Stay. In addition, Petitioner should set forth facts in
15 an attempt to demonstrate good cause for his failure to timely exhaust the state court
16 remedies with respect to his unexhausted claims.

17 **IV. Petitioner Must Specifically Inform the Court of His Choice**

18 This Court has presented Petitioner with his options for a second time. Although
19 Petitioner agrees his petition is mixed and is seeking to exhaust his state claims, he
20 must clearly indicate to this Court which option he has chosen with regard to his
21 federal petition.

22 This Court therefore **ORDERS** the Petitioner to file a declaration in which he
23 clearly states which of the three options he has chosen. In his declaration, he must
24 indicate whether he will seek to voluntarily dismiss the case, abandon his unexhausted
25 claims, or seek to stay the case. If he seeks to stay the case, he must also specify
26 whether he wishes to use the "stay and abeyance" procedure or the "withdrawal and
27 abeyance" procedure. This declaration must be filed no later than **January 13, 2014**.
28 In order to avoid any confusion, Petitioner should state <u>both</u> the number of the option

he has chosen from above, and tell the court in a short statement what he understands that option to be.

Petitioner must also separately file the appropriate motion for the option he has selected. Petitioner must file this motion no later than **February 10, 2014**.

This Court reiterates its warning that Petitioner must file a declaration clearly picking one of his options before the Court can take any further steps with his petition.

**IT IS SO ORDERED.**

Dated: November /7, 2013

HON. ROGER T. BENITEZ
United States District Judge