1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| 11 JAMAL A. DAVIS, | ) | Case No. 12cv3001-BEN (BLM) |
| 12           Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| 13 v. | ) | **FOR ORDER DENYING PETITIONER'S** **MOTION FOR STAY AND ABEYANCE** |
| 14 MARTIN BITER, Warden, Kern Valley State | ) | **PURSUANT TO** RHINES |
| Prison, | ) | [ECF No. 31] |
| 15           Respondent. | ) | |
| 16 | ) | |
| 17 | ) | |

18        This Report and Recommendation is submitted to United States District Judge Roger

19 T. Benitez pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the

20 United States District Court for the Southern District of California.  On March 26, 2013,

21 Petitioner Jamal Davis, a state prisoner proceeding pro se, filed a First Amended Petition

22 for Writ of Habeas Corpus challenging his state court conviction for conspiracy to commit

23 murder.  ECF No. 8.  On June 25, 2013, Respondent filed a motion to dismiss arguing that

24 the FAP was untimely and that Petitioner was not entitled to statutory or equitable tolling.

25 ECF No. 16.  On October 2, 2013, this Court issued a Report and Recommendation ("R&R")

26 denying Respondent's motion to dismiss, but finding that two of Petitioner's claims—Claims

27 Three and Four—were unexhausted.  ECF No. 18.  On November 14, 2013, District Judge

28 Benitez adopted this Court's R&R and ordered Petitioner to file a declaration stating whether

he seeks to (1) voluntarily dismiss his case; (2) abandon his unexhausted claims; or (3) file a motion to stay the case.  ECF No. 23 at 7.

On December 5, 2013, Petitioner filed a Notice and a new document also entitled First Amended Petition for Writ of Habeas Corpus.  ECF Nos. 25 & 26 ("FAP").  The FAP challenges Petitioner's state court conviction on the grounds that (1) his sentence constitutes cruel and unusual punishment under the Eighth Amendment; (2) the trial court erred by failing to instruct the jury on lesser charges; (3) there was insufficient evidence supporting the verdict; and (4) trial counsel rendered ineffective assistance.  ECF No. 26. This currently is the operative pleading.

On January 14, 2014, Petitioner filed a document which acknowledged that the FAP contained exhausted and unexhausted claims and included a request to stay the federal proceeding while the remaining claims are exhausted.  ECF No. 28.  Pursuant to the Court's briefing schedule [ECF No. 29], Petitioner timely filed a motion to stay [ECF No. 31] and Respondent timely filed an opposition [ECF No. 32].  Petitioner did not file a reply.  Having reviewed all of the briefing submitted by the parties, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's motion be **DENIED**.

## DISCUSSION

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them.  28 U.S.C.A. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982).  The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly present[ed]" in each appropriate state court, including a state supreme court with powers of discretionary review.  Baldwin v. Reese,  541 U.S. 27, 29 (2004).  In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice.

1  Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986); Johnson v. Zenon, 88 F.3d 828,

2  829 (9th Cir. 1996).  Claims are not exhausted by mere presentation to the state appellate

3  system.  A petitioner must also "alert[ ] [the state] court to the federal nature of the claim."

4  Baldwin, 541 U.S. at 29.  A petitioner may indicate a federal claim by citing the source of

5  federal law upon which he relies, or by merely labeling the claim as "federal."  Id. at 32.

6       Claims articulated in a federal habeas petition also must be the "substantial

7  equivalent" of those previously presented to the state courts.  Pappageorge v. Sumner, 688

8  F.2d 1294, 1295 (9th Cir. 1982).  The requirement of substantial equivalency is not rigid,

9  and the state habeas petition may be exhausted even when it does not spell out each

10 syllable of the federal claim.  Delgado v. Lewis, 181 F.3d 1087, 1091 (9th Cir. 1999)

11 (vacated and remanded on other grounds, 528 U.S. 1122 (2000)).  Additionally, arguments

12 presented to the federal court may be supplemented with evidence not provided to the

13 state court, so long as the additional information does not "fundamentally alter" the claim.

14 Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

15      If state remedies have not been exhausted as to any of the federal claims, the

16 habeas petition typically should be dismissed.  Castille v. Peoples, 489 U.S. 346, 349

17 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted

18 and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines v.

19 Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total

20 exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas

21 claims).

22      Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal

23 habeas petitions are subject to a one-year statute of limitations, and claims not exhausted

24 and presented to the federal court within the one-year period are forfeited.  28 U.S.C.

25 § 2244(d).  Generally a court may not consider a "mixed" habeas petition, that is a petition

26 that contains or seeks to present both exhausted and unexhausted claims.  Rose, 455 U.S.

27 at 522.  If a petitioner presents a mixed petition, the petitioner may seek to stay the

28 exhausted claims while he pursues the unexhausted claims in state court.  Rhines, 544 U.S.

at 278. Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F. 3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

Under Rhines, a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present the unexhausted claims. Rhines, 544 U.S. at 276. This "stay and abeyance" procedure is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court. Blake v. Baker, —F.3d—, 2014 WL 983623, at *4 (9th Cir. March 14, 2014).

A Kelly abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." King, 564 F.3d at 1135. However, the petitioner only is allowed to amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41, see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005). A new claim relates back to an existing claim if the two claims share a "common core of operative facts." Mayle, 545 U.S. at 646. A new claim does not "relate back" to an existing claim simply because it arises from "the same trial, conviction or sentence." Id. If the newly-exhausted claim is not timely under the AEDPA or the relation-back doctrine, it may not be added to the existing petition. Haskins v. Schriro, 2009 WL 3241836, at *3 (D. Ariz. Sept. 30, 2009). If amendment is futile, a stay is inappropriate. Id. at *7.

**A.      Claim Three – Sufficiency of the Evidence – Is Exhausted**

Respondent alerts the Court to the fact that Petitioner's third claim, challenging the sufficiency of the evidence, is exhausted and that the Court erred in its initial R&R [ECF No. 18] when it found that Claim Three was unexhausted.  ECF No. 32 at 2.  A review of the docket reveals that Petitioner filed two separate documents entitled "First Amended Petition for Writ of Habeas Corpus."  ECF Nos. 8 & 26.  While the substance of the two petitions appears to be almost identical, the March 26, 2013 petition considered by the Court in its R&R, indicated that Petitioner did not present Claim Three to the California Supreme Court.  See ECF No. 8 at 8.  However, in his December 5, 2013 petition, which was filed *after* the Court issued its R&R, Petitioner states that he did in fact raise Claim Three in the California Supreme Court.  ECF No. 26 at 8.  In addition, Respondent correctly notes that Lodgments 7 and 8 establish that Claim Three is exhausted.  ECF No. 32 at 2.  Accordingly, the Court finds that Claim Three is exhausted and therefore **RECOMMENDS** that Petitioner's motion to stay the proceedings as to Claim Three be **DENIED AS MOOT**.

**B.      Claim Four – Ineffective Assistance of Counsel**

Petitioner seeks to utilize the "stay and abey" procedure authorized by Rhines, 544 U.S. 269, and argues that he satisfies the three required elements.  ECF No. 31 (specifically stating that he is choosing the "stay and abeyance procedure," and arguing that there is good cause for his delay and that his claims are meritorious).  Petitioner contends that good cause exists for his failure to exhaust Claim Four because he attempted to exhaust his claim on numerous occasions, but was unable to do so due to his limited knowledge of the law and the fact that "numerous lockdowns" at his prison prevented him from accessing the law library.  Id. at 2-3.  Petitioner also claims that he attempted to contact his "appellate attorney" but never received a response.  Id. at 2.

Respondent contends that Petitioner has not established good cause to stay this case while Petitioner exhausts Claim Four because Petitioner has known about the basis of Claim Four since his trial and Petitioner has failed to present the Court with any evidence indicating that he attempted to exhaust this claim in state court.  ECF No. 32 at 3.

1  Respondent further asserts that Petitioner's pro se status, his ignorance of the law, as well
2  as his limited access to the prison's law library, are insufficient to establish the requisite
3  "good cause" for stay and abeyance under <u>Rhines</u>.  <u>Id.</u> at 3-5.

4      Stay and abeyance pending exhaustion of claims in state courts is only available in
5  limited circumstances where petitioner shows "good cause" for his failure to previously
6  exhaust.  <u>Rhines</u>, 544 U.S. at 277.  The good cause requirement "ensures that a stay and
7  abeyance is available only to those petitioners who have a legitimate reason for failing to
8  exhaust a claim in state court."  <u>Blake</u>, 2014 WL 983623, at *4.  The inquiry is centered on
9  "whether the petitioner can set forth a reasonable excuse, supported by sufficient
10 evidence," to justify petitioner's failure to exhaust the unexhausted claim in state court.  <u>Id.</u>
11 "An assertion of good cause without evidentiary support will not typically amount to a
12 reasonable excuse justifying a petitioner's failure to exhaust;" but "a reasonable excuse,
13 supported by evidence," will.  <u>Id.</u>  "Unspecific, unsupported excuses for failing to
14 exhaust—such as unjustified ignorance," do not satisfy the good cause requirement.  <u>Id.</u>
15 (interpreting the holding in <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir. 2008)).

16     In <u>Blake</u>, the evidence of petitioner's abusive upbringing and history of mental illness
17 that his post-conviction counsel failed to discover, investigate and present to the state
18 courts, was sufficient to support the showing of good cause.  <u>Id.</u> at *5.  The evidence
19 considered by the court in <u>Blake</u> included petitioner's medical evaluation report describing
20 his "numerous neuropsychiatric and psychiatric conditions," as well as thirteen declarations
21 from petitioner's family and friends detailing the "abhorrent conditions of [petitioner's]
22 upbringing and family history, in extensive and gruesome detail."  <u>Id.</u>  The evidence also
23 included a declaration from a private investigator, hired by petitioner's post-conviction
24 attorney, stating that he had not contacted any witnesses because petitioner's attorney
25 terminated  the investigator's services before the investigator finished reviewing discovery
26 materials.  <u>Id.</u>

27     In contrast, Petitioner has not presented any evidence to support his good cause
28 argument.  Petitioner's allegations in Claim Four are premised upon events that occurred

1   during his trial in August 2009.[1]  ECF No. 26 at 9-10.  Despite his firsthand knowledge of

2   the facts underlying the alleged violations, Petitioner did not raise the issues on direct

3   appeal, did not initiate any state court habeas corpus proceedings, and waited until

4   November 14, 2012, to raise the claim in his federal habeas petition.  ECF No. 8 at 3-5, <u>see</u>

5   <u>also</u> ECF No. 1.  "[W]here a petitioner was well aware of the factual basis of claims that

6   could have been raised and exhausted in the state courts before petitioner filed a federal

7   habeas petition, 'good cause' for a stay may not have been shown under *Rhines*."  <u>Bucci</u>

8   <u>v. Busby</u>, 2012 WL 868982, at *10 (E.D.Cal. March 13, 2012); <u>see also</u> <u>Smith v. Horel</u>, 2008

9   WL 2038855, at *5 (C.D.Cal. May 8, 2008) (finding no good cause for petitioner's failure

10  to exhaust a claim where "[t]rial counsel's alleged deficient performance was known or

11  should have been known to [p]etitioner during or shortly after his trial."); <u>Frluckaj v. Small</u>,

12  2009 WL 393776, at *5-6 (C.D.Cal. Feb. 17, 2009) (finding that where petitioner was aware

13  of claim and could have presented claim to California state courts before filing federal

14  habeas petition, petitioner had not shown either "cause" or "good cause" to satisfy <u>Rhines</u>).

15       Petitioner states that he "assumed" that all of the claims in his petition were properly

16  exhausted, and argues that this assumption was reasonable and establishes the requisite

17  good cause.  ECF No. 31 at 2; <u>see also</u> ECF No. 28 at 6.  Petitioner does not, however,

18  provide any facts or evidence to support the reasonableness of his assumption.[2]  See <u>Blake</u>,

19  _____

20       [1] In Claim Four, Petitioner asserts that his trial counsel provided ineffective assistance of counsel during

21  the direct examination of Petitioner.  ECF No. 26 at 9-10.  Petitioner also alleges that he was prejudiced
    because "jurors saw one of the bailiffs escorting [Petitioner] through the lobby, while the Petitioner wore
    waistchains and handcuffs."  <u>Id.</u> at 10.

22       [2] In the FAP, Petitioner states that he filed a collateral challenge to his conviction, which Petitioner calls

23  a "Petition for Review," in the California Supreme Court.  ECF No. 26 at 4.  Petitioner states that this document
    contained the four claims asserted in the FAP, including the ineffective assistance of counsel claim, and that

24  the petition was denied on October 31, 2013.  <u>Id.</u>  Petitioner did not provide to this Court a copy of this petition
    or the Supreme Court's decision.  The Court reviewed the California Supreme Court's docket, and it does not

25  show any filings by Petitioner in 2013, nor the order cited by Petitioner.  <u>See</u> California Courts, Appellate Courts
    Case Information, http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm? dist=0&doc_id=

26  1985766&doc_no =S194908  (last visited May 7, 2014).  The  case number listed by Petitioner, S194908,
    reflects an August 31, 2011 order by the California Supreme Court.  <u>Id.</u>  While the order was a denial without

27  any reasoning, a review of the pleadings establishes that it was part of Petitioner's direct appeal and did not
    raise the ineffective assistance of counsel claim.  Lodgments 7 & 8.

28

2014 WL 983623, at *3 (citing Pace, 544 U.S. at 416) ("unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance" do not satisfy the good case requirement); see also Wooten, 540 F.3d at 1024 (holding that petitioner's "lack of knowledge" as to whether his claim is exhausted does not constitute good cause). The factual record in this case thus indicates that Petitioner's "assumption" that this claim was exhausted in state court was not reasonable and was not supported by any evidence. Petitioner's "unjustified ignorance" does not set forth good cause for failure to exhaust Claim Four in state court. See Blake, 2014 WL 983623, at *3.

Petitioner further alleges that once he found out that his petition contained unexhausted claims, he "wrote his appellate attorney and asked for advice and direction," but received no answer and consequently had to proceed without any legal assistance. ECF No. 31 at 2. Petitioner explains that he attempted to exhaust his state remedies with "limited knowledge of law" and "little instructions due to the numerous lockdowns" of the prison library, which prevented him from conducting "legal study, us[ing] computers and copy[ing] anything pertaining to court issues." Id. at 2-3. Limited education, lack of legal assistance, and routine restrictions on law library access are not sufficient to establish good cause under Rhines. See Hernandez v. California, 2010 WL 1854416, at *2-3 (N.D.Cal. May 6, 2010); see also Hamilton v. Clark, 2010 WL 530111, at *2 (E.D.Cal. Feb.9, 2010) (stating that "[i]gnorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust."); Moxley v. Neven, 2011 WL 3585069, at *3 (D.Nev. Aug.15, 2011) (concluding that basing a finding of good cause on a petitioner's pro se status "would render stay-and-abey orders routine" and thus "run afoul of Rhines and its instruction that district courts should only stay mixed petitions in limited circumstances."). Again, Petitioner does not provide any facts to support his bald assertions.

"The restrictions on law library access may in some circumstances provide good cause for failing to exhaust, but there must be a showing of something more than the routine prison limitations on access to the law library." Hernandez, 2010 WL 1854416, at

1    *3. In his December 15, 2013 motion to this Court, Petitioner claimed that his "Prison ha[d]

2    been on a[] lockdown since December 1st[3] ... due to a riot that involved stabbings."  ECF

3    No. 28 at 7-8.  As a result, according to Petitioner, "the officers [were] ordered to lock

4    down the facility for investigating purposes," thereby denying Petitioner access to the law

5    library.  Id.  Petitioner does not provide any facts to support this claim but, even if true, the

6    brief lockdown does not establish good cause for his failure to exhaust Claim Four.

7    Petitioner had ample time to access the law library before the prison lockdown on

8    December 1, 2013, as Petitioner's claims for ineffective assistance of trial counsel and jury

9    prejudice arose during his trial in August 2009.  Petitioner does not provide any evidence

10    to substantiate his claim that there were "numerous lockdowns" at the prison that

11    prevented him from accessing the law library.  In light of Petitioner's knowledge in August

12    2009 of the facts giving rise to his claims, a brief closure of the prison law library more than

13    four years later does not set forth "reasonable excuse, supported by sufficient evidence,"

14    to justify Petitioner's failure to exhaust Claim Four in state court.  See Blake, 2014 WL

15    983623, at *4.

16          Further, despite Petitioner's assertions that he made numerous requests to the

17    California courts attempting to exhaust his claims, he provides no evidence detailing those

18    efforts.  See ECF No. 31 at 2.  Consequently, unlike the evidence in Blake, which was not

19    discovered, investigated and presented to the state court, and included petitioner's medical

20    evaluation report, as well as fourteen declarations from a private investigator and

21    petitioner's family and friends, in this case there is no evidence that would reasonably

22    excuse Petitioner's failure to exhaust Claim Four.  See Blake, 2014 WL 983623, at *4

23    (stating that "[a]n assertion of good cause without evidentiary support will not typically

24    amount to a reasonable excuse justifying a petitioner's failure to exhaust.").

25          For the reasons set forth above, Petitioner fails to set forth a "reasonable excuse,

26    supported by sufficient evidence," to justify his failure to exhaust Claim Four in state court.

27    _____

28         [3] Although Petitioner does not specify the year of the prison lockdown, given the timing and the context
of his motion, it appears that Petitioner is referencing December 1, 2013.

See id. at *4.  Because Petitioner fails to establish good cause for a stay pursuant to Rhines, the Court need not consider whether Petitioner's arguments are plainly meritless or whether Petitioner engaged in intentionally dilatory litigation tactics.  Wooten, 540 F.3d at 1023. The Court therefore **RECOMMENDS** that Petitioner's motion to stay and abey pursuant to Rhines be **DENIED**.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, (2) **DENYING** Petitioner's Motion for Stay and Abeyance pursuant to Rhines, and (3) requiring Petitioner to file a motion either asking the Court to dismiss the unexhausted claim (Claim Four) so that he may proceed forward with the exhausted claims (Claims One, Two, and Three), or to dismiss the entire petition because it contains both exhausted and unexhausted claims.

**IT IS ORDERED** that no later than **May 30, 2014**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 20, 2014**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED:  May 7, 2014

BARBARA L. MAJOR
United States Magistrate Judge