FILED

14 JUN 24 PM 3:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL A. DAVIS,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN BITER, Warden, Kern Valley State Prison,<br><br>Respondent. | CASE NO. 12-CV-3001-BEN (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION**<br><br>**(2) DENYING MOTION TO STAY**<br><br>**(3) GRANTING REQUEST TO DISMISS CLAIM FOUR**<br><br>[Docket Nos. 31, 33] |

Before this Court is a Report and Recommendation by U.S. Magistrate Judge Barbara Lynn Major, recommending that this Court deny Petitioner Jamal A. Davis's Motion to Stay. (Docket No. 33). For the reasons stated below, the Report and Recommendation is **ADOPTED**.

On March 20, 2013, Petitioner filed a First Amended Petition for Habeas Corpus (FAP) with this Court. (Docket No. 8). Respondent Martin Biter, the warden at Kern Valley State Prison, filed a Motion to Dismiss on June 25, 2013. (Docket No. 16). This Court received a thorough Report and Recommendation from Judge Major, recommending that this Court (1) deny Respondent's Motion to Dismiss and (2) find a mixed petition and issue a second options order in lieu of dismissal. (Docket No. 18). This Court adopted the Report and Recommendation on November 14, 2013. (Docket

No. 23). In its November 14 Order, the Court informed Petitioner of his options for proceeding with a mixed petition and ordered Petitioner to inform the Court of his choice. (*Id.* at 4-8).

On February 18, 2014, Petitioner filed a Motion to Stay. (Docket No. 31). In his Motion, Petitioner indicates that he wishes to use the "stay and abeyance" procedure, and asks the Court to stay his federal petition to allow him to return to state court to exhaust his unexhausted claims. (Mot. at 1). The Motion was opposed by Respondent on February 20, 2014. (Docket No. 32). No timely reply was received by the Court. On May 7, 2014, Judge Major issued a thorough Report and Recommendation, recommending that this Court deny the motion for stay and abeyance. (R&R at 10). On May 29, 2014, Petitioner filed a notice which suggested that he attempted to submit a "repliance" on March 19, 2014. (Docket No. 35; *see also* Docket No. 37 at 9). On May 30, 2014, Petitioner submitted both a Reply to Respondent's Opposition on Motion to Stay (Docket No. 37) and his Objection to the Report and Recommendation (Docket No. 38). Although it appears that Petitioner may have intended Docket No. 37 to be considered by the Magistrate Judge in issuing the Report and Recommendation, this Court will consider both the arguments made in the Reply and the points raised in Petitioner's Objection in ruling upon the Report and Recommendation.

## LEGAL STANDARD

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th

Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Petitioner wishes to use the "stay and abeyance" procedure, in which he asks the Court to stay his mixed petition while he returns to state court to exhaust his unexhausted claim. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Id.* at 277-78. The *Rhines* Court cautioned that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). A stay should not be granted if the unexhausted claims are "plainly meritless," or if a petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-278; *Jackson*, 425 F.3d at 661.

## DISCUSSION

### A. Claim Three

This Court previously determined that claims one and two were exhausted. Based on new information, the Report and Recommendation concludes that claim three was also exhausted. (R&R at 5). No objection to this finding has been filed. The Court therefore **ADOPTS** the recommendation of the Report and Recommendation as to claim three, and **DENIES AS MOOT** the motion to stay proceedings as to claim three.

///
///

- 3 -

12-cv-3001

B. Claim Four

Claim four has not been exhausted. Petitioner argues that he satisfies the requirements of the "stay and abeyance" procedure with respect to claim four. The Report and Recommendation concluded that Petitioner failed to demonstrate "good cause" for his failure to exhaust this claim, and that the motion to stay and abey pursuant to *Rhines* should be denied. (R&R at 10). It therefore did not proceed to consider whether Petitioner's arguments are meritless or if Petitioner engaged in intentionally dilatory tactics. (*Id.*)

Petitioner asserts that good cause exists for his failure to exhaust claim four. He asserts that he repeatedly attempted to exhaust his claim, but was unable to do so because of his limited knowledge of the law and because "numerous lockdowns" at his prison prevented him from accessing the law library. (Mot. at 2-3). He contends there was "confusion" and that he "assumed" that all his claims were exhausted. (*Id.* at 2, 4). He also claims that he contacted his "appellate attorney" after he was informed of his mixed petition, but that he did not receive a response. (*Id.* at 2).

The Report and Recommendation concluded that Petitioner did not present the necessary evidence to support his good cause argument. (R&R at 6-10). In part, the Report and Recommendation concludes that Petitioner had firsthand knowledge of the facts underlying the violations, and did not present any facts or evidence supporting the reasonableness of his assumption that all of the claims were exhausted. (*Id.* at 6-7). Furthermore, limited education, lack of legal assistance, and routine restrictions on law library access are not sufficient to establish "good cause." (*Id.* at 8) (citations omitted). The Report and Recommendation concluded that Petitioner had not demonstrated that the restrictions on access to the library were more than routine limitations. (*Id.* at 8-9). Petitioner also provided no evidence of his claims that he made requests to California courts to exhaust his claims. (*Id.* at 9).

This Court has carefully reviewed the "Reply" received by this Court on May 30, 2014. Petitioner points to the merits of his claim, and contends that "not being

typically fluent in legal matters" should not "eliminate a[n] inmate from fair correction." (Reply at 3). He discusses past mistakes made pursuing his motions. (*Id.* at 4). He also asserts that lockdowns can be "good cause," arguing that being incarcerated subjects him to program shut downs and modified movement. (*Id.*) He points to the difficulties of accessing information and submitting legal work without library access. (*Id.*) Petitioner also discusses the details of *Rhines v. Weber*, and argues that he should also be allowed to use the "stay and abeyance" procedure. (*Id.* at 4-8). He points out that his First Amended Petition was "timely" and that he mistakenly believed that he had exhausted all of his claims. (*Id.* at 6). He argues that he was also subject to "incidents where complications occurred that resulted in confusion." (*Id.* at 8). He asserts that he believes that claim four is important, and that he had to "make a notice of the discrepancy" in his federal petition because his appeal attorney would not pursue the allegation. (*Id.*)

In his Objection, Petitioner contends that his Petition has more value than before, because the new Report and Recommendation concludes that claim three is exhausted. (Obj. at 2). Petitioner restates the conclusions of the Report and Recommendation and specifically cites to the Magistrate Judge's recommendation that this Court order Petitioner to either dismiss the unexhausted claim and proceed with the other three claims, or dismiss the entire petition. (*Id.*) Petitioner then expresses his preferences for proceeding. (*Id.* at 2-3). He states that he would "personally rather pursue claim four," but acknowledges that he may "have to improvise without his favorite claim." (*Id.* at 3). He asks the Court "to make it possible for the Petitioner to use the claim in future matters, if there is any." (*Id.*) However, Petitioner states that if this Court accepts the Magistrate Judge's first two recommendations, regarding adopting the report and denying the motion to stay, "The Petitioner chooses to submit this <u>Motion, Notice</u>, asking the Court to dismiss the unexhausted claim (4) and proceed further with his exhausted claims (Grounds 1-3)." (*Id.*)

Upon careful consideration of all of the arguments raised by Petitioner, this

Court concludes that the Report and Recommendation is to be **ADOPTED**. Petitioner does not point to any factual or legal errors in the Report and Recommendation. Petitioner may believe that his lack of legal knowledge and the problems with accessing the prison law library should establish "good cause," but these arguments were fully considered and addressed by the Magistrate Judge. None of the additional arguments made undermine the well-supported conclusions of the Magistrate Judge.

## CONCLUSION

Accordingly, the Report and Recommendation is **ADOPTED**. The Motion to Stay is **DENIED**.

Upon careful review of Petitioner's Objection, it appears that Petitioner understands his options for proceeding and has decided what how he wants to proceed if his Motion to Stay is denied. He specifically asks this Court to dismiss claim four in order to proceed in this Court with claims one, two, and three. Petitioner's request is **GRANTED**. Claim four is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: June 2⁄, 2014

HON. ROGER T. BENITEZ
United States District Judge